JACK D. CLARK *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF OSWEGO, Defendant-Appellee.

(No. 72-11;

Second District—April 4, 1973.

*Rehearing denied May 7, 1973.*

Saxon, Niznik & Peterson, of Plainfield, for appellants.

Ingemunson & Bassak, and Dallas C. Ingemunson, State's Attorney, both of Yorkville, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The plaintiffs brought this action praying for an injunction to restrain the Village of Oswego from requiring or coercing them to construct curbing, and sidewalks in the subdivision of the plaintiffs. The complaint in the alternative prayed for a money judgment for the actual cost of said improvements as demanded by the village. The matter was heard by the trial court who entered an order dismissing the complaint. From this order the plaintiffs appeal.

The issue presented to this court is whether the Village of Oswego is estopped or should be enjoined from enforcing provisions of its Subdivision Control Ordinance relating to sidewalks, curbs, and gutters against the plaintiffs.

The plaintiffs, husband and wife, purchased a small tract of land within the village limits of Oswego and subdivided it into five lots, four of which are located on a *cul-de-sac*. The plaintiffs employed engineers to prepare a preliminary plat which was presented to the Village Board of Trustees. This preliminary plat was rejected by the Plan Commission. Robert Fennell, Chairman of the Plan Commission, returned the plat to the plaintiffs and advised them that it would have to be redrawn. Fennell gave the plaintiffs a copy of the Oswego Subdivision Control Ordinance No. 1957—0—3, and it appears that Fennell, who was a neighbor of the Clarks, advised them that if they would bring in the new plats and plans that he (Fennell) would take them to the Plan Commission. The plaintiffs' engineer then redrafted the plats and plans, and a second preliminary plat was given to Fennell who submitted it to the Plan Commission. It was recommended for approval by the Plan

Commission on September 24, 1968 approved, and signed by the President and the Village Board on October 8, 1968. Fennell then advised Mr. Clark to submit a final plat. The final plat was prepared, allegedly given to Fennell, Chairman of the Plan Commission, and on January 28, 1969, the Plan Commission voted as follows:

> "that the P. C. recommends to the Village board that we accept the final Plat Jack D. Clarks Lincoln Estates subject to his satisfying the P. C.'s Committee on Subdivisions regarding storm & sanitary easements & signatures."

The plaintiffs then had their engineers prepare plans and specifications purportedly pursuant to Ordinance No. 1957—0—3. The plans prepared showed a sanitary sewer only, and further showed a two foot drainage culvert, but did not show curbs, gutters, sidewalks, or storm sewers. This proposed sewer and water plan was again given to Fennell to take to the Plan Commission. Fennell denies that he saw this document or gave it to the Plan Commission. Nonetheless, on March 25, 1969, the Plan Commission approved the final plat of the subdivision of Lincoln Estates,

> "subject to signatures and utility easements, stamps, and marked final plat."

The approval of the Plan Commission appears upon the final plat signed by the Chairman thereof on the 22nd of April, 1969. The plat was then approved by the Board of Trustees of the Village of Oswego on May 1st, 1969, and signed by Harry Fuller, President of the Board of Trustees, on that date. The plat was subsequently recorded.

Following the approval of the plat the plaintiffs proceeded to improve the property, and installed sanitary sewer, water lines, and the *cul-de-sac* circle drive was laid out and graded. Building permits were issued by the village and houses were erected on Lots 1, 2 and 4 of the five lots in this subdivision. In November, 1970, the plaintiffs applied for a fourth building permit. On November 2, 1970, the village trustees voted to withhold further building permits until the plaintiffs:

> "installed curbs, gutters or sidewalks or the required street surfacing for subdivisions."

The village then on November 30, 1970, advised the plaintiffs:

> "Since the ordinance on new subdivision requires street improvements, before any more building permits are issued for Lincoln Estates, a bond must be posted to cover the costs of curbing, streets and sidewalks."

It is to be expressly noted that at no time prior to the last date was anything said by the village or any requirement made that the plaintiffs install storm sewers.

■■ Examination of the record discloses that the complaint filed in the

trial court sought solely to enjoin the Village of Oswego from requiring or coercing the plaintiffs to construct curbing and sidewalks. The complaint at no time sought relief from the alleged requirement of storm sewers. The order of the trial court denied the complaint for injunction and held that the plaintiffs had not sustained their burden of proof and judgment was entered for the defendant. While it is true that the issue of storm sewers was presented to the trial court and was in fact argued before this court, however, that issue cannot be considered by this court as the pleadings do not seek relief from the requirement for storm sewers.

The subdivision ordinance 1957—0—3 of the Village of Oswego is somewhat ambiguous and difficult to interpret. We turn first to the question presented to us on the requirement for curbs and gutters. Section VII of the ordinance provides in part, as follows:

"2. All streets within the corporate limits of the Village of Oswego shall be improved with roadways bounded by integral curbs and gutters, *when such areas are served by storm sewers,* to an overall width in accordance with the following minimum dimensions:  *  *  *." (Emphasis supplied.)

Inasmuch as the issue as to whether the developer herein shall be required to install storm sewers is not presented to this court, it is impossible for us to determine whether the above ordinance provision is applicable.

■■ We next consider the second issue presented to this court and that is the requirement of sidewalks. The ordinance in defining streets provides in Section III, 12 and 13 as follows:

"12. Secondary or Collector Street. A street which carries traffic from minor streets to the primary street system, including the principal entrance streets of residence development and streets for circulation within such a development.

13. Minor Street. A street intended primarily as access to abutting properties."

Section VII E. Sidewalks, 1 provides:

"Concrete sidewalks to a width of not less than 4 ft., and a thickness of not less than 4 inches, except over driveways where the thickness shall be not less than 5 inches, shall be required on both sides *of all secondary and major thoroughfares* within the Village of Oswego, and the Plan Commission or the governing authorities may require sidewalks on local streets as part of the dedicated street improvement." (Emphasis supplied.)

The village contends that the *cul-de-sac,* entitled Faro Court, is a collector street under the above ordinance provision which states that a collector street includes the principal entrance streets of residence

development. The testimony of the engineer for the village is not clear in his attempt to define this *cul-de-sac* as a collector street. The equally qualified engineer for the plaintiff insists that a *cul-de-sac* servicing five lots is not a collector street. With this, we agree. As a matter of fact, a *cul-de-sac* for five houses is about as minor a street as we can envision.

We therefore find that under the provisions of the Oswego Subdivision Ordinance 1957-0-3, the plaintiffs herein are not required to install sidewalks. We further find under the pleadings presented to us, the requirement for storm sewers is not an issue before this court. It may well be that if the issue were determined as to whether or not the plaintiffs are required to install storm sewers, that the section of the ordinance providing for curbs and gutters would become applicable. However, that question is not before this court.

The judgment of the trial court in dismissing the complaint insofar as it applies to the question of sidewalks, is reversed and the cause remanded. The trial court is directed to issue the injunction, enjoining the Village of Oswego from requiring the plaintiffs to install sidewalks and for such other action as is consistent with this opinion. The judgment of the trial court dismissing the complaint and the finding that the plaintiffs have not sustained their burden of proof with relation to the requirement for curbs and gutters, is affirmed.

Reversed and remanded with directions in part. Affirmed in part.

SEIDENFELD and ABRAHAMSON, JJ., concur.